UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**FILED**

VANESSA L. ARMSTRONG, CLERK

APR 20 2016

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES OF AMERICA

PLAINTIFF

v.

CRIMINAL NO. 3:16-MJ-162-ctlc

**KOSMOS CEMENT COMPANY**
d/b/a Cemex

DEFENDANT

### PLEA AGREEMENT

Pursuant to Rule 11(c)(1) (C) of the Federal Rules of Criminal Procedure, the United

States of America, by John E. Kuhn, Jr., United States Attorney for the Western District of

Kentucky, and defendant, **KOSMOS CEMENT COMPANY,** d/b/a Cemex, and its attorney,

Kent Wicker, Esq., have agreed upon the following:

1.        Defendant acknowledges that it has been charged in the Information filed in this

case with violation of The Mine Safety and Health Act, Title 30, United States Code, Section

820(d).

2.        Defendant, has read the charges contained in the Information, and those charges

have been fully explained to it by counsel.  Defendant fully understands the nature and elements

of the crimes.

3.        Defendant will enter a voluntary plea of guilty to Count 1 in this case.  Defendant

will plead guilty because it is guilty of the charge.  The parties agree to the following factual

basis for this plea:

Between March 6, 2012 and February 21, 2014, defendant **KOSMOS CEMENT
COMPANY,** d/b/a Cemex , through its agents and employees, was aware of defects

in the Old Finish Mill Elevator, at its Kosmosdale, Kentucky facility; namely, that the said elevator was defective and in need of repair, and more specifically, that the outer door of the elevator malfunctioned on several occasions, permitting it to be opened when the car was not present.

4.      Defendant understands that the charge to which it will plead guilty carries a maximum fine of $500,000

5.      Defendant understands that by pleading guilty, it surrenders certain rights set forth below.  Defendant's attorney has explained those rights and the consequences of waiver of those rights, include the following:

A.      If defendant persists in a plea of not guilty to the charge against it, it has the right to a public and speedy trial.  The trial would be by jury, unless the defendant elected for a Court Trial. If the defendant elected to be tried by jury, the jury would be instructed that they would have to agree unanimously before they could return a verdict of either guilty or not guilty.  The jury would be instructed that defendant is presumed innocent and that it could not convict unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

B.      At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant.  Defendant would be able to confront those government witnesses and its attorney would be able to cross-examine them.  In turn, defendant could present witnesses and other evidence in its own behalf.  If the witnesses for defendant would not appear voluntarily, it could require their attendance through the subpoena power of the Court.

2

6.     Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which it pleads guilty.

7.     The parties agree that restitution is not applicable in the case inasmuch as separate compensation has been provided to the family and heirs of the decedent Felipe Mata.

8.     Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $125.00 to the United States District Court Clerk's Office by the date of sentencing.

9.     At the time of sentencing, the United States will

-agree that a fine of $400,000 be imposed, with remission of $200,000 at time of sentencing and suspension of the remaining $200,000 for a period of three years from date of sentencing, based upon the agreement of defendant **KOSMOS CEMENT COMPANY,** d/b/a Cemex or its successor at the Kosmosdale, Kentucky, facility, to meet the following conditions:

A. Agree to forego prosecution of agents and employees of defendant for the facts which form the basis of this prosecution as described in the Information filed in the case and in the factual basis in paragraph 3 of this Plea Agreement.

B. That All Kosmosdale elevators shall be designed, constructed, operated, inspected, tested, maintained, altered and repaired in accordance with the requirements of the American Society of Mechanical Engineers A17.1 Safety Code for Elevators and Escalators in effect at the time of the elevator installation. Older Kosmosdale elevators shall be upgraded to meet the minimum requirements of the ASME A17.3-2011 Safety Code for Existing Elevators and Escalators;

C. That doors of all automatic elevators shall be equipped with interlocking switches so arranged that the elevator car shall be immovable while any door is opened or unlocked, and arranged so that such door or doors cannot be opened when the elevator is not at a landing;

3

> D.  That a written Maintenance Control Program shall be in place to maintain the elevator equipment in compliance with the requirements of ASME A17.1-2013, Section 8.6, irrespective of the date of elevator installation.  The Maintenance Control Program shall specify examinations, tests, cleaning, lubrication, and adjustments to applicable components at regular intervals to achieve safe and reliable operation of the elevators.

> E.  That on site inspection of elevators by the Kentucky Department of Housing And Construction be permitted in accordance with applicable state law.

Defendant, or its successors, agrees to be liable for full and immediate remission of the remaining $200,000 of the fine provided all of the aforementioned conditions are not fulfilled, within a period of three years from date of sentencing.

10.    Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in their best judgment and belief, conclude as follows:

> - The Applicable Offense Level should be determined pursuant to a

presentence report prepared by the U. S. Probation Office.

11.    Defendant is aware of its right to appeal conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right to directly appeal its conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742.

12.    If the Court refuses to accept this agreement and impose sentence in accordance with its terms pursuant to Fed. R. Crim. P. 11(c)(1)(C), this Agreement will become null and void and neither party shall be bound thereto, and defendant will be allowed to withdraw the plea of guilty.

13.    Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors.  Defendant states that it has informed

4

the United States Attorney's Office and the Probation Officer, either directly or through its attorney, of all mitigating factors.

14.     This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court.  No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

JOHN E. KUHN, JR.
United States Attorney

By:

_____          4-20-16
Randy Ream                                                Date
Assistant United States Attorney


    I am the defendant's counsel.  I have carefully reviewed every part of this Agreement with the defendant and am authorized to act on their behalf.  To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____          4/20/16
Kent Wicker                                               Date
Counsel for Defendant

5

I am the authorized representative of the defendant.  I have carefully reviewed every part of this Agreement and am authorized to act on its behalf.  The decision to enter into this Agreement is an informed and voluntary one.

_____          _____
Kosmos Cement Company                          Date
Defendant


JEK:rr:2/29/2016